UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV0689 JCH |
| | ) |
| CHRIS NEIMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss of Defendants Ronald C. Neiman, Allen Luebbers, Joe Sampson, Leslie Semar, Carlos Sampson, Larry Crawford, George Lombardi, Missouri Department of Corrections, Patrick Kosanke, Ed Courtney and Robby Skaggs (Doc. No. 16) and the Motion to Dismiss of Defendants Correctional Medical Services, Inc. ("CMS"), Brenda Burlbaw, Don , Jewel Cofield, Elizabeth Conley, MD, Gary Campbell, MD, Beverly Morrison, MD, Lois Cella, and Michael Sands, MD (Doc. No. 26).[1] The matter is fully briefed and ready for disposition.

**BACKGROUND**

On May 4, 2009, Plaintiff Donald E. Johnson filed this Complaint alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1997, 42 U.S.C. § 2000, the Civil Rights Act of 1874 and 1964, and the Americans with Disabilities Act ("ADA"), and conspiracy to violate these acts. (Complaint ("Compl."), Doc. No. 1). Johnson's Complaint alleges that he is "100% permanently disabled under the Social Security Act." (Compl., ¶ 36). Plaintiff alleges that he notified the CMS medical

---

[1]In Doc. No. 26, these defendants joined the Motion to Dismiss of the other defendants (Doc. No. 16). When the Court refers to the Motion to Dismiss, the Court is referring to Doc. No. 16, unless otherwise stated.

professionals of his medical problems and that he required medical treatment. (Compl., ¶ 39). Plaintiff claims that Defendants repeatedly refused to treat him or to provide him medication for his chronic pain. Plaintiff further alleges that the Defendants conspired to prevent Plaintiff from receiving adequate medical care.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. Motion to Dismiss Under Fed.R.Civ.P. 8 and 10

In their Motions, Defendants assert that Plaintiff's Complaint, which is 104 pages and contains 388 numbered paragraphs, should be dismissed because it does not comply with Fed. R. Civ. P. 8 and 10. Defendants claim that Plaintiff's Complaint does not comply with Rule 8(a)(2), which mandates

a pleading contain a "short and plan statement of the claim showing that the pleader is entitled to relief." Defendants also assert that Plaintiff's Complaint violates Rule 10 because each claim is not set out in seperately numbered paragraphs. Fed.R.Civ.P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.").

The Court finds that Plaintiff's Complaint is pled sufficiently under Rules 8 and 10. Although it is not terse, Plaintiff's Complaint provides sufficient information in separately numbered paragraphs to give Defendants notice of his claims. See Eckert, 514 F.3d at 806 (complaint must provide the defendant with fair notice of what plaintiff's claim is and the grounds upon which it rests).

**II.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

   A.     Eleventh Amendment Immunity

Defendants assert that Plaintiff's Complaint should be dismissed because they are immune from suit under the Eleventh Amendment. The Eleventh Amendment generally bars suit against the states in federal courts. SDDS, Inc. v. South Dakota, 97 F.3d 1030, 1035 (8th Cir. 1996). State officials sued in their official capacities normally are immune from suit in the federal courts. Id.; Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir.1997) ("§ 1983 damage claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"). If the Complaint does not specifically state that it is against a defendant in his "personal capacity as an individual," then the court presumes the defendant is sued only in his official capacity. Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007). "The Eleventh Amendment does not grant immunity when a §

1983 claim for damages is asserted against a state official in his or her personal capacity." Rushing v. Simpson, No. 4:08CV1338, 2009 U.S. Dist. LEXIS 115718, at *13 (E.D. Mo. Dec. 11, 2009) (citing Hafer v. Melo, 502 U.S. 21, 30-31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)).

In their Motion, Defendants claim that the Complaint is silent as to their capacities and, therefore, the Court must assume that Defendants are sued in their official capacities and immune from suit pursuant to the Eleventh Amendment. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Memorandum in Support"), Doc. No. 17, p. 8); see also Murphy, 127 F.3d at 754 (without clear statement that officials are being sued in personal capacities, complaint is interpreted as including only official-capacity claims). With respect to each defendant, however, Plaintiff alleges that "[a]ll acts by this defendant were perpetrated in his/her personal capacity under the color of State law, statutes, codes regulations, customs and usages of the State of Missouri and the United States." (See, e.g., Compl., ¶ 2). In their Reply, Defendants claim that Defendants were named in their "personal" capacity, not their "individual" capacity, and therefore, Defendants retain their Eleventh Amendment immunity from suit. (Defendants' Reply Suggestions in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Reply"), Doc. No. 27, p. 4).

Given that Plaintiff has named all of the Defendants in their personal capacities, the Court finds that Defendants are not protected from suit by the Eleventh Amendment. See Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995) ("The Eleventh Amendment does not prevent a plaintiff from seeking damages from a state official if she sues the official in his **personal capacity**.") (emphasis added).[2]

---

[2]Interestingly, Defendants cite to this case for the proposition that "Plaintiff's allegations against Defendants were made in their 'personal' capacity, which is not the same as 'individual' capacity, and thus it is proper to assume that Plaintiff has sued them in their official capacities and thereby Defendants retain their Eleventh Amendment immunity from suit." (Reply, p. 4).

B.  Qualified Immunity

Defendants assert that Plaintiff's claims for damages under § 1983 are barred by qualified immunity. (Memorandum in Support, p. 8). "Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Nelson v. Corr. Med. Servs., 583 F.3d 522, 527 (8th Cir. 2009) (citing Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) (quotation omitted)). In analyzing the officials' claim of qualified immunity, courts consider two questions: (1) whether the facts that a plaintiff has alleged or shown, when viewed in the light most favorable to Plaintiff, support a finding that the conduct of Defendants violated a constitutional right, and (2) whether that constitutional right was "clearly established" such that a reasonable official would have known that his or her actions were unlawful. Nelson, 583 F.3d at 528 (citing Pearson v. Callahan, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009)). "'To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.'" McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir. 2009) (quoting Howard v. Kansas City Police Dep't., 570 F.3d 984, 988 (8th Cir. 2009)).

Here, plaintiff has alleged that he was deprived of medical care while in prison. A prisoner's right to medical treatment is clearly established. McRaven, 577 F.3d at 980 (citing Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal citation omitted); see also Jones v. Minn. Dep't of Corr., 512 F.3d 478, 482 (8th Cir. 2008) "If prison officials have actual knowledge of a

serious medical need, and fail to take reasonable measures to address it, they may held liable for deliberate indifference."). "The determination that a medical need is objectively serious is a factual finding." Jones, 512 F.3d at 482.

Defendants assert that they are entitled to qualified immunity because "[u]nder the circumstances alleged in Plaintiff's Complaint, Defendants did not violate Plaintiff's clearly established Constitutional or statutory rights and they are therefore entitled to qualified immunity." (Memorandum in Support, p. 9). Defendants do not address Plaintiff's allegations that Defendants were aware of Plaintiff's medical condition and failed to provide treatment and pain management. Because Plaintiff has alleged that Defendants were deliberately indifferent to Plaintiff's serious medical need, Plaintiff has sufficiently alleged a constitutional deprivation under the Eighth Amendment, which was clearly established at the time. Defendants' Motion to Dismiss Plaintiff's § 1983 claim based upon qualified immunity is denied.

C. Eighth Amendment

The Eighth Amendment standard for conditions of confinement and medical care is whether the Defendants acted with "deliberate indifference." Nelson, 583 F.3d at 528 (citing Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). "A prison official is deliberately indifferent if she 'knows of and disregards' a serious medical need or a substantial risk to an inmate's health or safety." Nelson, 583 F.3d at 528-29 (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).

Defendants assert that "Johnson's allegations are essentially that he disagreed with his diagnosis medical treatment decisions, and this is insufficient to give rise to an Eighth Amendment claim." (Memorandum in Support, p. 10). The Court does not find this to be an accurate characterization of Plaintiff's allegations. Plaintiff alleges that he provided the Defendants with

evidence of his disabilities and medical needs and that the Defendants refused to provide any medical care or pain-controlling medication. And, as he noted, Plaintiff has not alleged that Defendant were exercising their professional judgment or that they merely refused to implement Plaintiff's requested course of treatment. (Plaintiffs['] Response to Defendants' Motion to Dismiss ("Response"), Doc. No. 20, p. 13). At this stage of the litigation, the Court cannot find that Plaintiff has failed to state a claim under the Eighth Amendment.

    D.    Fourteenth Amendment

Defendants assert that Plaintiff failed to state an equal protection[3] claim under the Fourteenth Amendment because he has not alleged that he was treated differently than other inmates. (Memorandum in Support, pp. 10-11); see also Hansen v. Rimel, 104 F.3d 189, 190 (8th Cir. 1997) (plaintiff could allege a violation of his right to equal protection if he was treated dissimilarly than similarly situated inmates). Plaintiff alleges that he was a handicapped inmate placed in a facility that was not compliant with the ADA. (Response, p. 15). Plaintiff claims that all other handicapped prisoners are sent to handicapped facilities to receive proper treatment and are provided access to medical care. (Response, pp. 15-16).

The Court finds that Plaintiff has alleged that similarly situated individuals were treated differently to support an equal protection claim. To the extent that Plaintiff may be alleging a due process claim under the Fourteenth Amendment, Defendants have failed to address that claim. Based upon these allegations, the Court finds that Plaintiff's Complaint states a claim for a violation of the Fourteenth Amendment.

    E.    Civil Conspiracy

---

[3]Although Defendants recognize that Plaintiff may be asserting a due process claim under the Fourteenth Amendment, Defendants only argue that Plaintiff has failed to state a claim under the equal protection claim of the Fourteenth Amendment. (Memorandum in Support, pp. 10-11).

Defendant asserts that Plaintiff failed to state a claim for civil conspiracy under 42 U.S.C. § 1983 because he "has not alleged facts capable of showing that any of the Defendants conspired to deprive him of his constitutional rights or that any such deprivation actually occurred." (Memorandum in Support, p. 11). "To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008) (citing Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999)). The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim. Id.

Contrary to Defendants' conclusory argument, Plaintiff has alleged that Defendants conspired to deprive him of his constitutional rights under the Eighth Amendment. See, e.g., Compl., ¶¶ 56-60, 235-241, 347-360, 368-374 .[4]  Plaintiff has sufficiently alleged a cause of action for civil conspiracy under § 1983.

### F. Respondeat Superior

---

[4] For example, paragraph 236 provides, "Defendants Crawford, Bulbaw, Cella, Campbell, Morrison, Joe Sampson, Leubbers, Crump and Semar knew or reasonably should have known that when he/she entered into a conspiracy to deny Plaintiff substantive medical care, a transfer to an A.D.A. compliant facility and to secrete his previously adjudicated disability finding and rating, thereafter taking the substantial step in their conspiracy by falsifying Plaintiff's medical, MoSop and DOC files and publishing them as official State documents, that his/her actions were wrong, illegal, unethical, undermined and were below established medical procedures and professional norms, constituted deliberate indifference to his serious medical needs, a breach of fiduciary duty, a conspiracy, constituted tacit authorization of other Defendants['] unconstitutional behavior, failure to protect Plaintiff, violated clearly established law, statutes, codes, regulations, customs and usages, constituted cruel and unusual punishment and violated Plaintiffs civil rights under the Eighth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act and the Americans with Disabilities Act."

Defendants claims that Plaintiff "has failed to set forth any facts indicating that [D]efendants were directly involved in or personally responsible for the alleged violations of his constitutional rights." (Memorandum in Support, p. 11). Defendants assert that Plaintiff's Complaint fails because it "attempts to impute vicarious liability based upon the alleged wrongful actions of some agents of supervisory personnel within the Missouri Department of Corrections." (Memorandum in Support, pp. 11-12). Defendants, however, do not identify the "some agents of supervisory personnel" that should be dismissed. As noted by Plaintiff, Defendants "fail to point to a specific portion of the complaint which is deficient and lacks any element for relief." (Response, p. 18).[5] The Court denies Defendants' motion to dismiss Plaintiff's claims, if any, which are premised on respondeat superior.[6]

G. State Law Claims

Defendants assert that they are entitled to official immunity and protection under the public duty doctrine against Plaintiff's state law claims. (Memorandum in Support, p. 12). Count 28 of Plaintiff's Complaint is for declaratory and injunctive relief and Count 29 of Plaintiff's Complaint is a state law claim for gross negligence and breach of contract. (Compl., ¶¶ 375-388).

1. Official Immunity

The official immunity "doctrine protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." Southers v. City of Farmington, 263 S.W.3d 603, 610 (Mo. 2008) (citing Davis v. Lambert-St. Louis Int'l Airport, 193 S.W.3d 760, 763 (Mo. banc 2006). "The official immunity doctrine,

---

[5]In Defendants' Reply, they again fail to elucidate their basis for their Motion but state that "Plaintiff's claims should also fail to the extent that he has attempted to impute liability under a theory of respondeat superior under 42 U.S.C. § 1983 as he has offered nothing more than an assertion that his complaint does not seek to impute such liability." (Reply, p. 5).

[6]Plaintiff states that he does not attempt to rely on the doctrine of respondeat superior for his claims against Defendants. (Response, p. 18).

however, does not provide public employees immunity for torts committed when acting in a ministerial capacity." Southers, 263 S.W.3d at 610 (citing Kanagawa v. State, 685 S.W.2d 831, 835 (Mo. banc 1985)). Thus, whether or not Defendants are protected by official immunity depends upon whether their actions can be characterized as "discretionary" or "ministerial." The test for whether an act is "discretionary" or "ministerial" is fact-intensive:

> Whether an act can be characterized as discretionary depends on the degree of reason and judgment required. A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued. A ministerial function, in contrast, is one "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." The determination of whether an act is discretionary or ministerial is made on a case-by-case basis, considering: (1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity. Even a discretionary act, however, will not be protected by official immunity if the conduct is willfully wrong or done with malice or corruption.

Southers, 263 S.W.3d at 610-611 (internal citations omitted); see also Davis, 193 S.W.3d at 763.

Defendants summarily state that "[t]o the extent that Plaintiff has alleged any conduct or 'acts' on the part of Defendants, those acts should be considered discretionary." (Memorandum in Support, p. 12). Defendants provide no analysis as to why the Court should reach this conclusion. Defendants fail to any citations to the Complaint for their position that they are ministerial employees. See Richardson v. City of St. Louis, 293 S.W.3d 133, 140 (Mo. Ct. App. 2009) ("courts have generally adhered to the rule that government-employed physicians sued for their negligent treatment of individual patients are not entitled to official immunity"). Accordingly, the Court will deny Defendants' Motion to Dismiss Plaintiff's state law claims on the basis of official immunity. See Richardson, 293 S.W.3d at 142 (trial court erred in granting Defendant's motion to dismiss on the basis of official immunity because a case-by-case analysis regarding the "application of official

immunity to the conduct of an EMT may be appropriate"); Warren v. State, 939 S.W.2d 950, 953 (Mo. Ct. App. 1997) ("Whether an act is discretionary or ministerial is determined on a case-by-case basis.").

> 2. Public Duty Doctrine

"The public duty doctrine states that a public employee is not civilly liable for the breach of a duty owed to the general public, rather than a particular individual." Southers, 263 S.W.3d at 611 (citing Jungerman v. City of Raytown, 925 S.W.2d 202, 205 (Mo. 1996)).

> A duty is owed to particular individuals for "the performance of ministerial duties in which a private individual has a special, direct, and distinctive interest." Such an interest exists when injury to a particular, identifiable individual is reasonably foreseeable as a result of an official's breach of duty. Whether an individual has such a private interest depends on the facts of each case, not on broad pronouncements about the usual status of relevant functions. Finally, it cannot be assumed that a duty is private simply because it is ministerial.

Jungerman, 925 S.W.2d at 205 (internal citations omitted).

Defendants assert that they are entitled to protection under the public duty doctrine because "[e]nforcement of the law and keeping of the peace are duties which a municipality and its employees owe to the general public." (Memorandum in Support, p. 13 (quoting Beaver v. Gosney, 825 S.W. 2d 870, 873 (Mo. App. 1992)). In this case, however, the Defendants are being sued related to the medical care they provided Plaintiff, not their public, law enforcement duties. See Geiger v. Bowersox, 974 S.W.2d 513, 517 (Mo. Ct. App. 1998) (prison nurse owed inmates the duty to maintain and administer their prescriptions and, therefore, was not shielded by the public duty doctrine). The Court may find that Defendants owed Plaintiff had a "specific, direct and distinctive interest" to provide medical care to Plaintiff. See Jungerman, 925 S.W.2d at 206 (injury to plaintiff as a distinct, identifiable individual was foreseeable from a police officer's breach of the duty to

inventory and secure plaintiff's watch). Defendants' Motion to Dismiss Plaintiff's state law claims under the public duty doctrine is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Plaintiff's Complaint (Doc. Nos. 16, 26) are **DENIED**.

Dated this 22nd day of December, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE