UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DONALD JOHNSON, )
 )
    Plaintiff(s), )
 )
vs. ) Case No. 4:09CV0689 JCH
 )
CHRIS NEIMAN, et al., )
 )
    Defendant(s). )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Donald Johnson's various motions, including Plaintiff's Motion to Compel Discovery, or Alternatively for the Imposition of Sanctions. These matters have been briefed and are ready for disposition.

**DISCUSSION**

**A.    Motion to Compel Discovery**

On April 19, 2010, Plaintiff filed a Motion to Compel Discovery, or Alternatively for the Imposition of Sanctions ("Motion to Compel") (Doc. No. 93). Therein, Plaintiff repeatedly complains about the "vexing tactics" of Defendants' counsel in responding to his discovery requests. Plaintiff, however, fails to identify any response to a specific interrogatory or discovery request that is incomplete. See also Suggestions of Defendants Correctional Medical Services, Inc., Brenda Burlbaw, Jewel Cofield, Elizabeth Conley, Gary Campbell, Beverly Morrison, Lois Cella, and Michael Sands in Opposition to Plaintiff's Motion to Compel Discovery or Alternatively for the Imposition of Sanctions ("Response"), Doc. No. 101, p. 4. Rather, the crux of Plaintiff's motion appears to be his claims that Defendants have not provided requested medical and financial documents.

1. Medical Records

Plaintiff asserts that Defendants have not provided "all medical records, bills, treatment based reports, and other relevant material items from his medical file and medical providers." (Motion to Compel, p. 3). In response, Defendants affirmatively state that they have provided over seven hundred (700) pages of documents that constitute Plaintiff's medical file and his MARS chart. (Response, p. 3). Defendants also provided the invoice for the copying of these medical records. See Exhibit E to Defendants' Response, Doc. No. 101-5. Plaintiff has not identified any specific records that he believes are missing from Defendants' production. Without this specific information, the Court cannot identify the dispute or frame any relief regarding discovery. If Plaintiff believes particular documents exist and have not been produced, he may propound additional interrogatories and requests for production on that topic to Defendants. Accordingly, the Court denies Plaintiff's Motion to Compel with respect to any additional medical records.

2. Financial Records

Plaintiff claims that he is entitled to financial information regarding Defendants "in light of the specific and punitive damages sought in this case." (Motion to Compel, p. 2). Defendants acknowledge that a defendant's net worth is discoverable for punitive damages determinations, but asserts that such discovery is relevant only if and when such damages are assessed. Plaintiff will be entitled to discovery regarding Defendants' financial information only if Plaintiff presents sufficient evidence to support his claim for punitive damages at trial. See Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed.R.Civ.P. 26(b)(1)) (district court has discretion to limit discovery if it determines the burden or expense of the proposed discovery outweighs its likely benefit). At this stage of litigation, the Court denies Plaintiff's Motion to Compel with respect to Defendants' financial information.

Upon consideration of the parties' submissions, the Court denies Plaintiff's Motion to Compel.

**B.     Motion to Stay or Extend Discovery**

In Plaintiff's Request for Telephone Conference and to Stay Discovery or Extend it by Ninety Days (Doc. No. 103), Plaintiff asserts that discovery cannot be completed by the current May 25, 2010 deadline. Plaintiff cites the slow rate of discovery and recent reinstatement of James Crump as a defendant. As noted above, the Court finds that discovery has not been as protracted as Plaintiff asserts in his Motions. Further, the Missouri Attorney General agreed to accept service on behalf of Mr. Crump. Therefore, the Court grants Plaintiff's Motion, in part, and affords Plaintiff an additional sixty (60) days to complete discovery. The dispositive deadlines in this case will be adjusted accordingly. The remainder of Plaintiff's Motion, including his request for a telephone conference, is denied.

**C.     Motion for Extension of Time**

In Plaintiff's Motion for Extension of Time to Comply with Document Requests and to Answer to Interrogatories (Doc. No. 104), Plaintiff seeks an additional thirty (30) days to respond to discovery. The Court grants this extension.

**D.     Motion to Compel Depositions**

In Plaintiff's Motion to Compel (Doc. No. 108), Plaintiff asks this Court to enter an order compelling the Missouri Attorney General to present Defendants Allen Luebbers, Joe Sampson, Leslie Semar, Carlos Sampson, Larry Crawford, Patrick Kosanke, Ed Courtney, Robby Skaggs and James Crump for depositions. Plaintiff states that the Attorney General has refused to make these defendants available for deposition because Plaintiff is *pro se*.

The Court prefers that *pro se* litigants utilize interrogatories and document requests, rather than depositions, in obtaining discovery from other parties. Plaintiff's Motion does not take into account several procedural and logistical difficulties inherent in taking depositions pursuant to Fed.R.Civ.P. 30 or 31. For example, the deposition must be taken before an officer who must place the witness under oath, record the witness's responses, either stenographically, by audiotape or videotape, and make the transcript or recording available to the witness for review. See Fed.R.Civ.P. 30(c); Fed.R.Civ.P. 31(b). Plaintiff has not demonstrated that he is prepared to satisfy these requirements for a proper deposition. Further, the Court does not believe that Plaintiff has been unable to obtain his discovery through interrogatories and document requests. The Court finds that addressing these significant logistical difficulties is unnecessary, without further evidence from the Plaintiff that written discovery is insufficient. The Court denies Plaintiff's Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Doc. No. 93) is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Request for Telephone Conference and to Stay Discovery or Extend it by Ninety Days (Doc. No. 103) is **GRANTED**, in part.

**IT IS HEREBY FURTHER ORDERED** that the parties shall complete **all** discovery in this matter no later than **July 26, 2010**.

**IT IS HEREBY FURTHER ORDERED** that any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or, if applicable, any motion to exclude testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) or Kuhmo Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999), must be filed no later than **August 26, 2010**. Any response shall be filed no later than **September 27, 2010**. Any reply shall be filed no later than **October 27, 2010**. This Order specifically preempts any provision of local rule to the contrary. It is anticipated

that, if a summary judgment motion is filed, the case will not be set for trial until after the motion has been ruled upon. If no motion for summary judgment is filed by the dates set above, the case will be set for trial forthwith.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's request for a telephone conference is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. No. 108) is **DENIED**.

Dated this 30th day of April, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE