UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD JOHNSON, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:09CV0689 JCH |
| CHRIS NEIMAN, et al., | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' [sic] Corrected Medical Services, Inc., Brenda Burlbaw, Jewel Cofield, Elizabeth Conley, Gary Campbell, Beverly Morrison, Lois Cella and Michael Sands Motion to Compel (Doc. No. 139). These matters have been briefed and are ready for disposition.

## DISCUSSION

### I. Background

On April 8, 2010, Defendants served Plaintiff with interrogatories and requests for production of documents. On April 30, 2010, this Court granted Plaintiff an additional thirty (30) days to respond to Defendants' discovery requests (Doc. No. 112). After Plaintiff did not respond, Defendants filed a Motion to Compel Plaintiff's Answers to Interrogatories. (Doc. No. 139). On July 28, 2010, Plaintiff filed his answers and objections to Defendants' interrogatories, but they were incomplete (Doc. No. 149-1). Plaintiff answered only the first interrogatory and objected to the remaining 24 interrogatories.

## II. Interrogatory Responses

### A. Untimely

After this Court granted Plaintiff's thirty (30) day extension, Plaintiff's discovery responses were due on June 8, 2010. Plaintiff, however, did not file his interrogatory answers and objections until July 28, 2010, after Defendants filed a Motion to Compel. Defendants assert that Plaintiff's Objections to Defendants' Interrogatories were untimely and, therefore, Plaintiff's objections should be stricken. The Court acknowledges that Plaintiff's objections were untimely, but will not strike them on that basis. Instead, the Court finds that many of Plaintiff's objections should be stricken on their merits.

### B. Merits

#### 1. Twenty-Five Interrogatory Limit

In his objections, Plaintiff claims that Defendants' Interrogatories violate the twenty-five (25) interrogatory limit set in Fed.R.Civ.P. 33. Upon examination of the interrogatories, however, the Court finds that Defendants' interrogatories comply with Fed.R.Civ.P. 33. Although many of Defendants' interrogatories include sub-parts, those sub-parts clarify the information requested and do not constitute a separate request. Accordingly, Plaintiff's objection regarding the number of interrogatories is stricken.

#### 2. Various Objections

Plaintiff also asserts various objections to Defendants' interrogatories that fail to apprise Defendants or the Court of the specific basis for the objection. For example, Plaintiff asserts that information is "private, privileged" or "not relevant" (see Interrogatory Nos. 2-7, 17-25) and/or that

such information is "harassing" and "unduly burdensome (see Interrogatory Nos. 8-16).[1] Plaintiff even asserts these objections for interrogatories related to Plaintiff's medical history. (See, e.g., Interrogatory No. 7). Such information is clearly relevant to Plaintiff's medical indifference claim and Plaintiff has waived any privilege by filing this action. Accordingly, the Court strikes Plaintiff's unsubstantiated, boilerplate objections and orders him to answer all of Defendants' Interrogatories within fifteen (15) days.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' [sic] Corrected Medical Services, Inc., Brenda Burlbaw, Jewel Cofield, Elizabeth Conley, Gary Campbell, Beverly Morrison, Lois Cella and Michael Sands Motion to Compel (Doc. No. 139) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that has fifteen (15) days from the date of this Order to supplement his interrogatory answers in accordance with this Order.

Dated this 5th day of August, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1]The Court, however, agrees that information regarding Plaintiff's children is irrelevant to this action (see Interrogatory No. 1(b)). Plaintiff attested that he does not keep in touch with his children and that they would not be witnesses in this action. (Doc. No. 149-1, p. 3).