UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD JOHNSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV0689 JCH |
| ) | |
| CHRIS NEIMAN, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Julie Motley and Herb Yelverton's Motion to Compel Directed to Plaintiff (Doc. No. 141). This matter has been briefed and is ready for disposition.

## **DISCUSSION**

### **I. Background**

On April 12, 2010, Defendants Julie Motley and Herb Yelverton ("Defendants") served Plaintiff with interrogatories and requests for production of documents. On April 30, 2010, this Court granted Plaintiff an additional thirty (30) days to respond to Defendants' discovery requests (Doc. No. 112). Plaintiff later claimed that he did not receive Defendants' discovery requests and Defendants re-sent Plaintiff those requests. After Plaintiff again did not respond, Defendants filed this Motion to Compel Directed to Plaintiff. (Doc. No. 141). On July 31, 2010, Defendants received Plaintiff's responses to Defendants' written discovery, but they were incomplete (Doc. No. 156-1). On August 6, 2010, Plaintiff filed his response with this Court indicating that he responded completely to Defendants' discovery requests and Defendants' Motion to Compel was moot. (Doc. No. 154).

**II.     Untimely**

On April 30, 2010, this Court granted Plaintiff a thirty (30) day extension to file his discovery responses. Plaintiff did not serve his responses and objections until on or around July 31, 2010, after Defendants filed a Motion to Compel. Defendants assert that Plaintiff's Objections to Defendants' discovery requests were untimely and, therefore, Plaintiff's objections should be stricken. The Court acknowledges that Plaintiff's objections were untimely, but will not strike them on that basis. Instead, the Court finds that Plaintiff's objections should be stricken on their merits.

**III.    Merits**

    A.     Document Requests

In his responses to Defendants' document requests, Plaintiff primarily objects because he claims that the requested documents are in the possession of other agencies or departments, such as the Correctional Medical Services, Inc., the Department of Corrections and "Medicare." Plaintiff cannot object solely on the basis that Defendants could obtain these documents from alternate sources. The Court recognizes that Plaintiff may not have access to all of these documents, but Plaintiff must state affirmatively whether he is in possession of responsive documents and, if so, produce them. Plaintiff has fifteen (15) days from the date of this Order to supplement his responses to Defendants' discovery requests.

    B.     Interrogatories

        1.     Twenty-Five Interrogatory Limit

In his objections, Plaintiff claims that Defendants' Interrogatories violate the twenty-five (25) interrogatory limit set in Fed.R.Civ.P. 33. Defendants served twenty-nine (29) interrogatories on Plaintiff. First, the Court agrees with Defendants that each defendant is allowed 25 interrogatories

under the Federal Rules of Civil Procedure and, therefore, Defendants' discovery does not violate Fed.R.Civ.P. 33(a)(1). See Fed.R.Civ.P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories[.]"); cf. Vinton v. Adam Aircraft Indus., 232 F.R.D. 650, 664 (D. Colo. 2005)(where defendants were alter egos, the court properly treated defendants as a "single, unified entity" and limited them to 25 interrogatories).

In addition, Plaintiff also objects because several of Defendants' interrogatories contain sub-parts, which Plaintiff claims exceed the allotted number of interrogatories under the Federal Rules of Civil Procedure. Upon examination of the interrogatories, the Court finds that Defendants' interrogatories comply with Fed.R.Civ.P. 33. Although many of Defendants' interrogatories include sub-parts, the Court finds that those sub-parts clarify the information requested and do not constitute a separate request. Accordingly, Plaintiff's objection regarding the number of interrogatories is stricken.

2. Various Objections

Plaintiff also asserts various objections to Defendants' interrogatories that fail to apprise Defendants or the Court of the specific basis for the objection. For example, Plaintiff asserts that information is "private, privileged" or "not relevant" (see Interrogatory Nos. 1, 2, 3, 4, 5, 7-29 ) and/or that such information is "harassing" and "overly burdensome (see Interrogatory Nos. 2, 3, 5-29). Plaintiff even asserts these objections for interrogatories related to his medical history. (See, e.g., Interrogatory Nos. 10-11). Such information is clearly relevant to Plaintiff's medical indifference claim and Plaintiff has waived any privilege by filing this action. Accordingly, the Court strikes Plaintiff's unsubstantiated, boilerplate objections and orders him to answer all of Defendants' Interrogatories within fifteen (15) days.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Julie Motley and Herb Yelverton's Motion to Compel Directed to Plaintiff (Doc. No. 141) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that has fifteen (15) days from the date of this Order to supplement his discovery responses in accordance with this Order.

Dated this 16th day of August, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE