UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD JOHNSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV0689 JCH |
| ) | |
| CHRIS NEIMAN, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Defendants Motley and Yelverton (Doc. No. 134). This matter has been briefed and is ready for disposition.[1]

**DISCUSSION**

**A.     Motion to Compel Discovery**

On July 20, 2010, Plaintiff filed a Motion to Compel Discovery from Defendants Motley and Yelverton (Doc. No. 134). Julie Motley ("Motley") is the Director of the Missouri Sex Offender Treatment Program (MOSOP) and interacted with Plaintiff for approximately three (3) months in 2008. (Defendants Motley and Yelverton's Response to Plaintiff's Motion to Compel ("Response"), Doc. No. 152, p. 1). Defendant Herb Yelverton ("Yelverton") is the former Clinical Director of mental health for the Missouri correctional system. (Id.)[2] In his Motion, Plaintiff asks the Court to Compel additional discovery from Defendants in response to his Document Requests.

---

[1] Plaintiff has not filed a reply brief in support of his Motion to Compel but the time period for filing such a brief has expired.

[2] The Court refers to Motley and Yelverton collectively as "Defendants" for purposes of this Motion.

**B.      Document Requests**

1.      Document Request No. 1

Plaintiff outlines several documents that he claims Defendants failed to provide in response to Document Request No. 1. (Plaintiff's Suggestions in Support of Motion to Compel Discovery from Defendants Motley and Yelverton ("Memorandum"), Doc. No. 134-1, pp. 4-5). Plaintiff claims that Defendants have failed to provide any of their e-mails from the State OP-II computer system. (Id., p. 4). In response, Defendants assert that there were no e-mails or communications regarding Plaintiff's MOSOP treatment and no e-mails or communications in Plaintiff's chart. (Response, p. 5). Given that Plaintiff has not identified any specific missing e-mails or communications, the Court finds that Defendants have satisfied their discovery obligations.

Plaintiff also claims that Defendants failed to provide various "TC Process Group Notes". Defendants state that they have provided notes from the only two TC meetings during Plaintiff's treatment. (Response, p. 5). Plaintiff has not identified any other, existing TC Process Group Notes that would be relevant to his claim.

Plaintiff claims that Defendants failed to provide the March and June 2008 Monthly Progress Reports. Defendant states that Plaintiff started Phase II of MOSOP on March 28, 2008 and, consequently, Plaintiff received no progress report for March. Likewise, Plaintiff was terminated from Phase II of MOSOP on June 24, 2008 so he did not receive a progress report for June. (Response, p. 5).

Plaintiff claims that he has not received his March, April and June 2008 Personality Assessment Inventories. Defendants state that they provided Plaintiff with a copy of his Personal Assessment Inventory and that no other Personality Assessment Inventories exist. (Response, p. 5).

Plaintiff claims that Defendants have not produced the DMS Manuals. Defendants assert that these manuals are not included in Plaintiff's chart, are out-of-date, and no longer used. (Response, p. 5). Defendants also claim that the DMS Manuals are irrelevant to Plaintiff's MOSOP treatment because MOSOP therapists do not diagnose offenders and do not utilize the DMS Manuals. (Response, p. 5).

The Court finds that Defendants have addressed all of Plaintiff's claims regarding Document Request No. 1 and that Defendants have produced all the relevant documents responsive to this request. Accordingly, the Court denies Plaintiff's Motion to Compel with respect to Document Request No. 1.

2. Document Request Nos. 2, 3 and 5

In Document Request Nos. 2, 3 and 5, Plaintiff requests policies and procedures for interacting with handicapped inmates. Plaintiff states that Motley and Yelverton only produced a four-page document, entitled "Mental Health/Medical Deferments" from the MOSOP Operations Manual. (Memorandum, p. 7; Response, p. 7). Plaintiff alleges that this document was not in effect at the time of the allegations in this case. (Memorandum, p. 7). Defendants, however, state that the MOSOP Operations Manual was written and revised in June 2006, February 2009 and March 2009. (Response, p. 7). Thus, it would have been operational at the time Plaintiff was at MOSOP.

Plaintiff also contends that he has not received any documents regarding specific training regarding the treatment of handicapped inmates. (Memorandum, p. 8). Defendants respond that they produced two other documents: D5-8.2: Conditional Release and Extension of Conditional Release with effective date of December 1, 1999, and D5-4.1: Missouri Sex Offender Program with effective

date of February 28, 2005. (Response, p. 7).³ Plaintiff has not identified any specific policies that he contends Defendants failed to produce. Accordingly, the Court finds that Defendants have complied with their discovery obligations for Document Requests Nos. 2, 3, and 5. Defendants have identified several specific policies they have produced and Plaintiff has failed to identify any specific policies that he believes should have been produced but have not been.

    3.    Document Request No. 4

In Document Request No. 4, Plaintiff requests documents related to sick call procedures and self-declared medical emergencies. Defendants note that they were not employed by the medical department and, therefore, this request is not relevant to them. (Response, p. 9). The Court sustains Defendants' objection that this request is not relevant to them and denies Plaintiff's Motion to Compel with respect to Document Request No. 4.

    4.    Document Request Nos. 6 and 10

In Document Request Nos. 6 and 10, Plaintiff requests his medical, mental health and MOSOP records (No. 6) and Plaintiff's MOSOP Department of Corrections ("DOC") classification files, institutional parole officer files and all files and memoranda maintained by the Mental Health Management ("M.M.") in Farmington, MO (No. 10). Defendants state that they have provided Plaintiff's mental health and MOSOP chart. (Response, p. 10). Defendants, however, state that the rest of Document Request Nos. 6 and 10 should be directed at other defendants. Defendants did not (and do not) have access to Plaintiff's medical and DOC records. The Court agrees and denies Plaintiff's Motion to Compel on this basis.

---

³Defendants also note that Plaintiff received other policies and procedures from other defendants. (Response, p. 7).

5. Document Request Nos. 7 and 8

In Document Requests Nos. 7 and 8, Plaintiff seeks all documents reflecting IRAS, grievances or grievance appeals filed by Farmington Correctional Center ("FCC") inmates (No. 7) and all documents created by Defendants, FCC staff or Central Office Staff in response to a grievance filed by Plaintiff concerning his medical care, mental health care and his exemption from MOSOP (No. 8).

Defendants object to Document Request No. 7 because it requests documents related to other inmates. (Response, p. 11). Documents related to other inmates are not relevant to the present litigation. Defendants have complied with this request by providing all of Plaintiff's MOSOP records from his MOSOP chart and they are not required to produce documents related to other inmates. (Response, p. 10).

Defendants also state that they have provided all documents responsive to Document Request No. 8, except communications with their attorney and documents created by FCC staff or Central Office staff over whom Defendants have no control. The Court finds that Defendants have complied with their discovery obligations for Document Requests No. 8.

6. Document Request No. 11

In Document Request No. 11, Plaintiff requests a copy of the contract and supporting documentation for the contract awarded to M.M. to provide medical services to Plaintiff and all other DOC inmates. In his Motion to Compel, Plaintiff explains that he seeks the employment contracts "specific to each individual defendant" and Defendants' "rates of compensations." (Memorandum, pp. 17-18; Response, p. 12). Defendants note that this request seeks information from M.M., who is not a party to this litigation or these document requests. (Response, p. 12). In addition, the Court

finds that the employment-related documents sought by Plaintiff are irrelevant to Plaintiff's medical indifference claim. (Response, p. 13). Accordingly, this Court denies this request.

    7.    Document Request Nos. 12 and 15

In Document Requests No. 12, Plaintiff seeks a copy of the policy which serves "to protect inmates from contract providers who have previously been found to have violated the civil rights of any inmate, including all policies which prohibit such offending staff or current provider from entering correctional facilities." Defendants object that Plaintiff's request mandates a legal conclusion and asks Defendants to perform legal research. The Court does not agree. If Defendants have such a policy or procedure in place, then they must produce such a policy. If Defendants have such a policy, then they must supplement their discovery response within fifteen (15) days of the date of this order. The Court notes, however, that these individual Defendants might not be the proper source of such information.

In Document Request No. 15, Plaintiff seeks a copy of each Defendant's personnel file, including all disciplinary actions taken against them. The Court finds that Plaintiff has not provided any litigation-related basis for obtaining Defendants' personnel files. The Court finds these records irrelevant to Plaintiff's medical indifference claim and denies Plaintiff's request.

    8.    Document Request No. 16

In Document Request No. 16, Plaintiff seeks "[a] list of each person you will or may rely upon in your defenses in this case, a copy of each of their written statements, any e-mails generated as a result of their proposed testimony or evidence they may rely upon, e-mails between any Defendants regarding the Plaintiff or the facts of this litigation, a summary of any verbal statements, any written reports given or prepared by the prospective witness, as well as any supplemental reports, statements

or narratives given or prepared subsequent to this request, and any tangible items they may rely upon in their defense."

Defendants correctly note that the information requested in Document Request No. 16 constitutes work product, which is privileged from production. (Response, p. 14). In addition, Defendants note that any information or documents that are not work product have been produced by Defendants as part of their initial disclosures. (Id.) The Court denies Plaintiff's Motion with respect to Request No. 16.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Doc. No. 134) is **DENIED**, in part, and **GRANTED**, in part. Defendants shall supplement their response to Document Request No. 12 within fifteen (15) days of the date of this Order, if necessary.

Dated this 16th day of August, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE