UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV00689 AGF |
| | ) |
| CHRIS NEIMAN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants Ronald C. Neiman, Allen Luebbers, Joe Sampson, James Crump, Leslie Semar, Carlos Sampson, Larry Crawford, George Lombardi, Missouri Department of Corrections ("MDOC"), Patrick Kosanke, Ed Courtney, and Robby Skaggs (hereinafter "Defendants") for an order protecting them from having to produce certain non-privileged e-mails responsive to Plaintiff Donald E. Johnson's requests for production nos. 1, 5, 8, and 9 (Doc. 164). Defendants contend that the MDOC e-mail archives prior to June 18, 2008 are only available on backup tapes and are therefore not readily accessible, such that the burden of searching those e-mails outweighs the benefits of discovery.

Federal Rule of Civil Procedure Rule 26(b)(2)(B) provides specific limitations on the production of electronically stored information ("ESI"):

> (B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from

such sources if the requesting party shows good cause, considering the
limitations of Rule 26(b)(2)(C). The court may specify conditions for the
discovery.

Defendants have made a showing that the MDOC backup tapes are not reasonably accessible. Reasonable accessibility is best understood in terms of whether the ESI "is kept in an accessible or inaccessible format (a distinction that corresponds closely to the expense of production)." Helmert v. Butterball, LLC, No. 4:08CV00342 JLH, 2010 WL 2179180, *1, *8 (E.D. Ark. May 27, 2010) (quoting Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 318 (S.D.N.Y. 2003)). This distinction largely depends on the media on which the ESI is stored. Id. Requested data maintained on backup tapes is typically classified as inaccessible. Id. (citing Zubulake, 217 F.R.D. at 319-20). Here, "searching MDOC Outlook e-mail archives prior to June 18, 2008, would require the cataloging and restoring of approximately 5,880 back-up tapes." (Doc. 164 at 2.) "It takes approximately 1.5 hours to catalog a tape and another 1.0 hours to restore it, or 2.5 hours to catalog and restore each tape." Id. "And, it takes approximately 5 minutes to make a pst file for each Outlook e-mail account restored on each tape." Id. "At this time, the MDOC has approximately 13,468 Outlook e-mail accounts." Id. "Furthermore, the estimated cost of each hour of work is $76.03." Id. Based on these facts, the backup tapes are, in fact, inaccessible.

Plaintiff does not specifically argue that even if the backup tapes are inaccessible, he has good cause for obtaining discovery from the tapes, but in his response, he does argue that the "evidence is relevant and material to the defendants intent, state of mind and to prove other subjective bad feelings towards the Plaintiff." (Doc. 186 at 3.) The

2

Federal Rules of Civil Procedure advisory committee's notes list seven factors to inform the "good cause" inquiry: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources. Fed. R. Civ. P. 26(b)(2) advisory committee's notes (2006 Amendment). Ultimately, "[t]he decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case." Id. "Whether good cause exists depends upon a weighing of the relevant considerations already identified." Helmert, 2010 WL 2179180 at *8 (quoting Major Tours, Inc. v. Colorel, Civil No. 05-3091(JBS/JS), 2009 WL 3446761, at *3 (D.N.J. Oct. 20, 2009).

As to the first factor, the Court previously limited document request no. 1 to documents concerning only Plaintiff and not other inmates, and document requests no. 5, 8, and 9 were already limited to information regarding Plaintiff by their wording, so Plaintiff's requests are reasonably specific. (Doc. 170 at 5-7.) The second factor weighs in favor of Defendants. Defendants produced 914 pages of documents with their Rule 26 disclosures and over 1500 pages of documents in response to Plaintiff's first request for

production of documents. Throughout the course of discovery, Plaintiff will have the opportunity to take a number of depositions and have access to countless documents and e-mails that are more readily accessible than the backup tapes. Third, the Court finds no evidence of spoliation. The fourth and fifth factors also weigh in favor of Defendants. Plaintiff has not made a showing that he will be unable to obtain the information requested from other, more easily accessed sources, and he cannot predict with any certainty whether a search of the backup tapes will yield relevant, useful information or how much information will be produced. The sixth and seventh factors weigh in favor of Plaintiff: important issues of good faith are at stake here, and Defendant has the resources available to conduct a search of its backup tapes.

A court should not treat the "good cause" factors as a checklist; rather, the factors should be weighed by importance. Helmert, 2010 WL 2179180 at *9 (quoting Zubulake, 217 F.R.D. at 322). Here, the Court finds it most significant that the plaintiff has no idea what, if any, discoverable information may be obtained by cataloging, restoring, and searching the MDOC e-mails that are stored on the backup tapes. Thus, the Court concludes that the slim likelihood that new and relevant information may be discovered does not outweigh the substantial burden and expense required to retrieve the information from the backup tapes. Id.; Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) (Federal Rule of Civil Procedure 26 "vests the district court with the discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit.").

The Court notes that Plaintiff also argues that Defendants' request for a protective order is untimely. However, on August 10, 2010, Defendants sought additional time to seek an protective order on this issue, and received an extension up to and including August 25, 2010, the date their motion for protective order was filed. (Docs. 157, 158.) Therefore, their motion was filed in a timely fashion.

Finally, Plaintiff argues that Defendants' cost estimates for producing the e-mails is fraudulent. However, Defendants submitted the affidavit of Dee Lueckenotte of the Information and Technology Services Division of the State of Missouri – Office of Administration, who swore under oath to the estimated cost of $76.03 for each hour of work for producing the e-mails. Plaintiff has not submitted any evidence to refute this amount.

Therefore, the Court finds that to the extent Plaintiff's requests for production seek e-mails that would require the cataloging and restoring of back-up tapes, such information is not reasonably accessible because of undue burden and cost, and Defendants shall not be required to produce such e-mails.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Ronald C. Neiman, Allen Luebbers, Joe Sampson, James Crump, Leslie Semar, Carlos Sampson, Larry Crawford, George Lombardi, Missouri Department of Corrections, Patrick Kosanke, Ed Courtney, and Robby Skaggs' Motion for Protective Order (Doc. 164) is **GRANTED**, as set forth below.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's requests for production seek e-mails that would require the cataloging and restoring of back-up tapes, such information is not reasonably accessible because of undue burden and cost, and Defendants shall not be required to produce such e-mails.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2010.